Breitel, J.
After judgment of conviction for violation of section 1141 of the Penal Law, and affirmance by the Appellate Term, one Justice dissenting, defendant appeals. Defendant has paid the $250 fine imposed. The only issue of those raised by defendant’s counsel on which there is stated disagreement in the court is whether the subject publication is obscene under the statute.
Under the authoritative rules laid down by the courts, material that is offensive “ focuses predominantly upon what is sexually morbid, grossly perverse and bizarre, without any artistic or scientific purpose or justification. Recognizable ‘ by the insult it offers, invariably, to sex, and to the human spirit ’ * * * it is to be differentiated from the bawdy and the ribald. Depicting dirt for dirt’s sake, the obscene is the vile, rather than the coarse, the blow to sense, not merely to sensibility. It smacks, at times, of fantasy and unreality, of sexual perversion and sickness and represents, according to one thoughtful scholar, ‘ a debauchery of the sexual faculty ’ ” (People v. Richmond County News, 9 N Y 2d 578, 587). See, generally, Roth v. United States (354 U. S. 476, 488-489) for the prurient appeal test; and Mishkin v. New York (383 U. S. 502, 508) holding that Where the material is designed for and primarily disseminated to a clearly defined deviant sexual group, rather than the public at large, the prurient-appeal requirement * * * is satisfied if the dominant theme of the material taken as a whole appeals to the prurient interest in sex of the members of that group ”, The *106 new Penal Law provision not yet effective is interesting and valuable because the draftsmen sought to restate the most recent decisional rules. Section 235.0Q defines the obscene as “Any material or performance is obscene ’if (a) considered as a whole, its predominant appeal is to prurient, shameful or morbid interest in nudity, sex, excretion, sadism or masochism, and (b) it goes substantially beyond customary limits of candor in describing or representing such matters. Predominant appeal shall be judged with reference to ordinary adults unless it appéars from the character of the material or the circumstances of its dissemination to be designed for children -or other specially susceptible audience.” (L. 1965, eh. 1030, eff. Sept. 1, 1967.) (Compare section 251.4 of the A.L.I. Model Penal Code.)
The instant pamphlet consists of 70 pages with a centerleaf. Although styled Grecian Guild Studio Quarterly, and numbered, it is not clear that it is a periodical. The page dimensions are 8% by 514 inches. The pamphlet contains 70 full page photographic reproductions including the covers. There is no text except for two pages of advertising data with reference to subscriptions for photographic prints, and the centerleaf containing advertising blurbs or “ reviews ” of two books, entitled “ Kept Boy ” and “ Dial P for Pleasure ”. All of the photographs are -of two or more young men, and in nearly all, in various stages of undress or nudity, engaged in attitudes of embracing, wrestling, spanking, beating, or enforced disrobing of one of the young men. In some of the pictures, the ones indeed which are most violative of the statute, one of the young men is hardly more than a boy. Where genitalia would be exposed the area is rendered opaque by retouching. A few of the captions are suggestive.
Two of the photographs portray one young man manually soap-lathering the genitalia of the other. One portrays a young man trying to seize the genitalia of another. Two portray the young men in embracive posture consonant with and suggestive of an act of pederasty. There are three nude spanking scenes. There are several others depicting sadistic assaults. The disrobing and wrestling scenes are strongly suggestive of activity directed toward exposure or seizure of genitalia. These photographs in the context of the others in the pamphlet indicate that the pamphlet taken as a whole is designed to portray a full range *107 of sexual behavior between young males from byplay to pederasty.
While the photographs portray something of action sequences in intimate relationships they otherwise tell no narrative. No redeeming social values are apparent and defendant’s able counsel makes no claim to such values in the material. (See Roth v. United States, 354 U. S. 476, 484, supra.) No freedom of expression is involved because no development of ideas is directly or indirectly suggested.
Applying the tests as laid down in People v. Richmond County News (supra, pp, 586-587), and so long as there is a constitutionally valid legislative policy to control the obscene, the pamphlet must be held obscene.
Finally, if there were still any doubt as to the motivation for the publication and the purpose of its appeal, the eenterleaf advertising would make them utterly clear. Referring to one of the books advertised it states “ Here is a book with something for everybody — everybody with any of the known perversions, that is — and if the author ’ ’. One of the chapters is described as containing “ a long and precise lesson on how to perform fellatio properly”, belonging in “ a gay sex manual”. This language, of course, does not refer to the photographs but is addressed to the same audience as the photographs in the pamphlet in question and is therefore part of the relevant context.
Manual Enterprises v. Day (370 U. S. 478) is of no help to defendant. The footnote description of the material by the government in that case was characterized by the court as inaccurate. Presumably, if the description had been accurate the case might have been decided differently. Moreover, the instant case does not involve portraits merely of male nudes comparable to acceptable portraits of female nudes or to acceptable portraits of male and female nudes together. Photographs of similar sexual activity between male and female, without social justification or excuse, would be equally obscene.
Accordingly, the judgment should be affirmed.